# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SEGUNDINA C. CRUZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., *et al.*, <br><br> Defendants. | ED CV 15-01427 TJH (KKx) <br><br><br> Order |

    The Court has considered Defendant Wells Fargo Bank, N.A.'s ["Wells Fargo"] motion to dismiss, together with the moving and opposing papers.

    Before considering the motion to dismiss, this Court considers whether it has subject matter jurisdiction. Wells Fargo removed, asserting subject matter jurisdiction based on diversity.

    Here, Plaintiffs are California citizens. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Wells Fargo is a national bank with its main office in South Dakota. A national bank is a citizen of the state in which its main office is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006). Therefore, Wells Fargo is a citizen of South Dakota.

Barrett, Daffin, Frappier, Treder, & Weiss, LLP ["Barrett"] is a limited liability partnership. A limited liability partnership is a citizen of every state where its partners are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Wells Fargo advised the Court in its notice of removal that some of Barrett's partners are citizens of California. Accordingly, Barrett is a citizen of California, among other states. Thus, diversity is not complete.

However, a non-diverse party may be disregarded for purposes of diversity jurisdiction if the Court determines that the non-diverse party's joinder was a sham. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant can be deemed fraudulent joined: (1) Where a plaintiff cannot establish a claim against the non-diverse defendant, or (2) Where there is outright fraud in the pleadings concerning jurisdictional facts, such as false statements regarding a party's citizenship. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998).

Plaintiffs' fourth claim alleges a violation of Cal. Civ. Code § 2923.5. Section 2923.5 mandates that "a mortgage servicer, mortgagee, [deed of trust] trustee, beneficiary, or authorized agent may not record a notice of default" pursuant to Cal. Civ. Code § 2924 until the mortgage servicer complies with Cal. Civ. Code § 2924.18(a)(1). Section 2924.18(a)(1) provides that a trustee cannot record a notice of default while a borrower's application for loan modification is pending with his or her mortgage servicer. Thus, a deed of trust trustee is liable for damages if the trustee records a notice of default during the pendency of a loan modification application.

Here, Plaintiffs alleged that their loan modification application was pending with Wells Fargo when Barrett recorded the notice of default. Further, Plaintiffs alleged that Barrett's declaration filed with the notice of default fraudulently stated that Wells Fargo contacted Plaintiffs about the possibility of providing loan modification. Plaintiffs assert that they were not properly contacted by Wells Fargo; namely, Wells Fargo never provided them with a single point of contact as required by various statutes. Thus, Plaintiffs have stated a claim against Barrett for violation of Cal. Civ. Code § 2923.5.

Consequently, Barrett is not a sham defendant that can be ignored for purposes of determining complete diversity.

**It is Ordered**, *sua sponte,* that this matter be, and hereby is, **Remanded** for lack of subject matter jurisdiction.

Date:  October 26, 2015

                                                            _____
                                                            **Terry J. Hatter, Jr.**
                                           **Senior United States District Judge**